

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXHIXXXXXXXXXHHHXHX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Opinion No. O-4739

Re: Interest on judgment in eminent do-
main case under facts stated.

Dear Sir:

Your request for opinion has been received and carefully con-
sidered by this department. We quote from your request as follows:

"I shall appreciate an opinion from your department
relative to the date to which interest is to be paid by the
County (Plaintiff) when a judgment is rendered against it,
that is whether or not it is to the date the money is placed
in trust to the County Clerk, or to the date of acceptance by
the Defendant.

"This County entered condemnation proceedings for
land for a right-of-way for a State Highway, the Special Com-
missioners made the award which the defendant refused to ac-
cept and entered suit for more money, however the jury awarded
less money than was awarded by the Special Commissioners,
the Defendant refused to accept and the funds were placed by
the County with the County Clerk, then the Defendant appealed
to the Court of Civil Appeals, the judgment was affirmed by the
Appeals Court and the Defendant now requests payment of the
award by the jury plus 6% interest from Sept. 25th, 1940 to date.
The judgment in the County Court being, as follows -, '_____
(names) do have and recover of and from the said State of Texas
and county of Williamson the sum of EIGHT HUNDRED NINETY
EIGHT AND 50/100 ($898.50) DOLLARS with interest thereon
from this date until paid at the rate of six per cent per annum.'

"It is my opinion that the County is obligated to pay interest
only to the date the Tender was made (Being the date deposited
with the County Clerk), and not during the time the case was be-
fore the Appeals Court. The County complied with the law and
fulfilled its obligation when the deposit with the County Clerk was
made. The matter of delay was occasioned by the Defendant ap-

pealing the award and it appears to me that he is not entitled to interest during the term of the appeal especially as he refused to accept the payment from the County at the time stated.

"Now this question-, In such a case as above stated is the County obligated to pay interest on a judgment rendered against it to the date of acceptance by the Defendant, or just for the time from the award until the money was Tendered and refused and then placed in trust with the County Clerk?

"I shall appreciate your opinion at your very earliest convenience."

You state in your letter that the judgment of the county court adjudging interest from date of judgment until paid was affirmed by the Court of Civil Appeals. We assume from your letter that the case did not go to the Supreme Court and that the judgment of the Court of Civil Appeals finally disposes of the case. If this be true the judgment must be paid according to its terms regardless of whether it was originally erroneous.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

APPROVED AUG. 5, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

WJF:GO:da

APPROVED OPINION
COMMITTEE BY BWB, CHAIR-
MAN